IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel Capers, | ) | C/A No.: 1:17-2970-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Social Services, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Samuel Capers ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983[1] against the South Carolina Department of Social Services ("Defendant"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff filed this complaint alleging due process and conspiracy claims. [ECF No. 1 at 1]. Plaintiff states Defendant filed a child support action against him in the Allendale and Hampton County Family Courts. *Id.* Plaintiff alleges the Family Court Clerks of Court of Allendale and Hampton County issued warrants for his arrest. *Id.*

---

[1] Plaintiff's claims are construed as brought pursuant to § 1983, as he has not stated another basis for jurisdiction.

Plaintiff states that the family court actions were filed and the warrants "issued without the evidence of fiduciary relationship or proof of claim I.e., IRS Form 4490 filed in the Federal District where [Plaintiff] live[s]." *Id.* Plaintiff claims he is unable to work and support his family without fearing his imminent arrest as a result of Defendant's actions. *Id.* Plaintiff also alleges his family was threatened with eviction when an Allendale sheriff spoke to his landlord. *Id.* Plaintiff states Defendant's actions constitute a violation of 18 U.S.C. §§ 241 and 242. *Id.* Plaintiff asks the court to issue an order declaring that the proceedings in Allendale and Hampton County Family Courts were a violation of his due process rights and that the issuance of the arrest warrants were a conspiracy to kidnap. *Id.* at 2. Plaintiff also seeks monetary damages. *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff seeks a declaratory judgment and monetary damages against the South Carolina Department of Social Services concerning child support actions brought in Allendale and Hampton County. [ECF No. 1]. The Eleventh Amendment to the United States Constitution states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "The ultimate guarantee of the Eleventh

Amendment is that non-consenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Although exceptions to a state's sovereign immunity exists, none applies to Plaintiff's case. *See e.g.*, *U.S. v. State of S.C.*, 445 F. Supp. 1094, 1099 (D.S.C. 1977) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)) (finding "the Declaratory Judgment Act, 28 U.S.C. § 2201-02 (1970), does not explicitly authorize suits against states and therefore cannot be used to circumvent the Eleventh Amendment"); *Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). As Defendant is an agency of the State of South Carolina, Plaintiff's complaint fails to allege a viable claim against it. Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 20, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).