# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Samuel Capers, ) | Civil Action No.: 1:17-cv-02970-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina Department of Social ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 9), filed on November 20, 2017, recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process, as the South Carolina Department of Social Services has sovereign immunity from suit as a state agency under the Eleventh Amendment to the United States Constitution. (ECF No. 9 at 1, 3-4.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 9 at 5.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

1

(4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Plaintiff cannot state a viable claim against the South Carolina Department of Social Services because it is a state agency and has sovereign immunity from suit under the Eleventh Amendment. (ECF No. 9 at 3-4.) Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) **DISMISSING** Plaintiff's Complaint without prejudice and without issuance and service of process. Defendant's Motion to Dismiss (ECF No. 12) is therefore **MOOT**.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 28, 2017
Columbia, South Carolina